Spencer C. Skeen CA Bar No. 182216
spencer.skeen@ogletree.com
Marlene M. Moffitt CA Bar No. 223658
marlene.moffitt@ogletree.com
Janna I. Jamil CA Bar No. 265435
janna.jamil@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA 92122
Telephone: 858-652-3100
Facsimile: 858-652-3101

Attorneys for Defendants CAREFUSION RESOURCES, LLC and BECTON DICKINSON AND COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM COLES, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAREFUSION RESOURCES, LLC, a Delaware Limited Liability Company; BECTON DICKINSON AND COMPANY, a New Jersey Corporation; and DOES 1-50, Inclusive,<br><br>Defendants. | Case No. **'22CV1762 JLS  JLB**<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[28 U.S.C. § 1332(d) (Class Action Fairness Act)]<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; and Declarations of Leslie Forrester and Janna Jamil]<br><br>Complaint Filed: September 16, 2022<br>Removal Date:    November 9, 2022<br><br>Judge: |

# TABLE OF CONTENTS

I.   STATE COURT ACTION ............................................................................ 1

II.  REMOVAL IS TIMELY ............................................................................. 1

III. REMOVAL IS PROPER UNDER CAFA ................................................. 1

    A.   CAFA's Diversity of Citizenship Requirement Is Satisfied .......... 2

    B.   CAFA's Class Size Requirement Is Satisfied ................................ 3

    C.   CAFA's Amount in Controversy Requirement Is Satisfied........... 4

        1.   Relevant Data ........................................................................ 4

IV.  VENUE IS PROPER IN THIS COURT .................................................... 9

V.   CONCLUSION......................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**                                                     **Page(s)**

*Cortez v. Purolator Air Filtration Prods. Co.*,
  23 Cal. 4th 163 (2000) .................................................................................. 6

*Falk v. Children's Hospital Los Angeles*,
  237 Cal.App.4th 1454 (2015) ........................................................................ 5

*Garibay v. Archstone Communities LLC*,
  539 F. App'x 763 (9th Cir. 2013) .................................................................. 8

*Henry v. Cent. Freight Lines, Inc.*,
  692 F. App'x 806 (9th Cir. 2017) .................................................................. 4

*Hertz Corp. v. Friend*,
  130 S. Ct. 1181 (2010) .................................................................................. 2

*Ibarra v. Manheim Investments, Inc.*,
  775 F.3d 1193 (9th Cir. 2015) ...................................................................... 4

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 US 344 (1999) ........................................................................................ 1

*Pineda v. Bank of America, N.A.*,
  50 Cal. 4th 1389 (2010) ................................................................................ 6

*Rodgers v. Central Locating Service, Ltd.*,
  2006 U.S. Dist. LEXIS 6255 ......................................................................... 2

*Rwomwijhu v. SMX, LLC*,
  No. CV1608105ABPJWX, 2017 WL 1243131 (C.D. Cal. Mar. 3,
  2017) ............................................................................................................. 8

*Sanchez v. Russell Sigler, Inc.*,
  No. CV1501350ABPLAX, 2015 WL 12765359 (C.D. Cal. Apr. 28,
  2015) ............................................................................................................. 8

*Serrano v. 180 Connect, Inc.*,
  478 F.3d 1018 (2007) ............................................................................... 2, 3

*Tomlinson v. Indymac Bank, F.S.B.*,
  359 F. Supp. 2d 891 (C.D. Cal. 2005) .......................................................... 7

**Statutes and Other Authorities**

28 U.S.C. § 84(c)(2) ........................................................................................................... 9

28 U.S.C. § 1332 ...................................................................................................... 1, 2, 4

28 U.S.C. §1453 ............................................................................................................ 2, 3

28 U.S.C. § 1441(a) .......................................................................................................... 9

28 U.S.C. § 1446 ...................................................................................................... 1, 2, 9

(Class Action Fairness Act) CAFA ........................................................... 1, 2, 4, 5, 6, 8

Cal. Bus. & Prof. Code § 17208 ...................................................................................... 6

Cal. Code Civ. Proc. § 338(a) .......................................................................................... 6

Cal. Code Civ. Proc. § 340(a) .......................................................................................... 5

California Code of Civil Procedure § 382 ....................................................................... 3

California Labor Code § 203 ........................................................................................ 5, 6

California Labor Code § 226 ............................................................................................ 5

California's Unfair Competition Law (UCL) ................................................................. 6

Federal Rule of Civil Procedure 6(a) ........................................................................... 1, 9

Defendants CAREFUSION RESOURCES, LLC ("CareFusion") and BECTON DICKINSON AND COMPANY ("BD"), collectively "Defendants," remove this action to the United States District Court for the Southern District of California under 28 U.S.C. § 1332(d) (the Class Action Fairness Act ["CAFA"]) and § 1446 because (1) Plaintiff and other members of the putative class are citizens of a State different from any defendants; (2) the number of members of all proposed plaintiff classes in the aggregate is over 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. All CAFA requirements are satisfied here.

## I. STATE COURT ACTION

1. Plaintiff filed their Complaint on September 16, 2022 in the San Diego County Superior Court ("Action"). The Action was assigned Case No. 37-2022-00037343-CU-OE-CTL. (Declaration of Janna Jamil ["Jamil Decl."], ¶¶ 2, 5; Exh. 3, Complaint.)

2. To date, Defendants have not been served with the Complaint. However, Defendants learned of the Action from outside counsel on or around October 11, 2022 and filed an Answer therein on November 7, 2022. (Jamil Decl., ¶¶ 3-5; Exh. 4, Conformed Answer.)

## II. REMOVAL IS TIMELY

3. Under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a), Defendant's deadline to remove the Action has not been triggered because Defendants have not yet been served with the Complaint. Nonetheless, to the extent Defendants learned of the Action on October 11, 2022 and such knowledge triggers the removal deadline, the removal deadline is November 10, 2022. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999). This removal is timely.

## III. REMOVAL IS PROPER UNDER CAFA

4. The Complaint asserts the following claim on a class-wide basis: (1) unfair competition; (2) failure to pay minimum wages; (3) failure to pay overtime

wages (4) failure to provide required meal periods; (5) failure to provide required rest periods; (6) failure to reimburse employees for required expenses; (7) failure to provide wages when due; and (8) failure to provide accurate itemized statements.

5. CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant; the number of members of all proposed plaintiff classes in the aggregate is over 100; and where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes such removal under 28 U.S.C. § 1446.

6. This Court has original jurisdiction over the Action under CAFA because it is a civil case filed as class action wherein at least one member of the putative class of plaintiffs is a citizen of a state different from at least one defendant, the number of individuals in Plaintiffs' proposed classes in the aggregate is over 100, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

**A.  CAFA's Diversity of Citizenship Requirement Is Satisfied**

7. CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a State different from at least one defendant. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a) and (b); *Rodgers v. Central Locating Service, Ltd.*, 2006 U.S. Dist. LEXIS 6255, *7-*8; *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021, fn. 4 (2007).

8. Under 28 U.S.C. § 1332(c)(1); a corporation shall be deemed to be a citizen of every State and foreign state which it has been incorporated and of the State or foreign state where it has its principal place of business. A company's "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). The "nerve center" is normally where the corporation maintains its headquarters. *Id*

9. At all relevant times, BD has been a company organized under the laws of the State of New Jersey, with its principal place of business in New Jersey. (Declaration of Leslie Forrester ["Forrester Decl."], ¶ 3.) BD's principal place of business is in New Jersey because its headquarters are located there, and that is where BD's executive management directs, controls, and coordinates its activities. (*Id.*) BD has not been incorporated in California nor had its headquarters, executive offices, or principal place of business in California. (*Id.*) Accordingly, BD is a citizen of New Jersey and not a citizen of California.

10. At all relevant times, Plaintiff was a resident and citizen of California. (Exh. 3, Complaint ¶ 5 ["PLAINTIFF was employed by DEFENDANT in California from 2008 to June of 2022…"])

11. Minimal diversity is established because, at all relevant times, Plaintiff and other members of the putative class are citizens of States that BD is not. Removal is therefore proper under 28 U.S.C. § 1332(d) and §1453. *Serrano v. 180 Connect Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007).

### B.   CAFA's Class Size Requirement Is Satisfied

12. Plaintiff brings the Action pursuant to California Code of Civil Procedure § 382. (Complaint, ¶ 14.) Plaintiff brings the Action on behalf of all persons that fall within this category:

> PLAINTIFF bring[s] this Class Action on behalf of himself, and a California class defined as all non-exempt employees who worked for Defendant CareFusion Resources, LLC and/or non-exempt employees employed by Defendant Becton Dickinson and Company who worked for Defendant CareFusion Resources, LLC in California (the "CALIFORNIA CLASS") at any time during the period beginning October 2, 2020 and ending on the date as determined by the Court (the "CLASS PERIOD"). (Complaint, ¶ 49.)

13. From on or about October 2, 2020 to present, CareFusion has employed, in the aggregate, at least 100 current and former employees in California who were classified as non-exempt. (Forrester Decl., ¶ 4.)

14. The jurisdictional minimum is thus satisfied.

**C.  CAFA's Amount in Controversy Requirement Is Satisfied**

15. CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d).

16. For purposes of removal, "[t]he court accepts the allegations in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017); citing, *Campbell v. Vitran Express, Inc.*, 471 F. App'x. 646, 648 (9th Cir. 2012). In determining whether the amount in controversy requirement is met, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

17. Plaintiff seeks the recovery of unpaid wages (including overtime wages), meal and rest period premium pay, unreimbursed business expenses, itemized wage statement penalties, and waiting time penalties, on behalf of himself and the putative classes. (*See* Exh. 3, Complaint.) The Complaint, on its face, satisfies the $5 million threshold for CAFA removal.[1] *See* 28 U.S.C. § 1332(d).

18. As shown below, Plaintiff claims the amount in controversy is well above the $5,000,000 jurisdictional minimum.

**Amount in Controversy Alleged Against CareFusion**

**1.  Relevant Data**

19. During the class period, from October 2, 2020 to the present, CareFusion has employed, in the aggregate, at least 864 current and former non-exempt employees in California, who worked approximately 33,703 pay periods and had an average

---

[1] In alleging the amount in controversy for purposes of CAFA removal, Defendants do not concede in any way that the allegations in the Complaint are accurate or that Plaintiff is entitled to any of the monetary relief requested in the Complaint. Nor do Defendants concede that any or all putative class members are entitled to any recovery in this case, or are appropriately included in the Action.

hourly rate of approximately $29.44. (Forrester Decl., ¶ 4.) This number is based on CareFusion's employees in the San Diego, California area. (*Id.*) During this period, non-exempt employees were issued wage statements on a bi-weekly basis. (*Id.*)

20. From September 16, 2021 to the present, CareFusion issued at least 18,065 wage statements to approximately 735 non-exempt employees in California. (Forrester Decl., ¶ 5.)

21. From on or about October 2, 2020 to the present, approximately 182 individuals who were employed as non-exempt employees in California separated from their employment with CareFusion. (Forrester Decl., ¶ 6.) These employees earned an average hourly rate of $26.98, which equals an average daily rate (8 hours x $26.84) of approximately $214.72. (*Id.*)

### 2. Wage Statement Penalties

25. A one-year statutory period applies to Plaintiff's claim for wage statement penalties. Cal. Code Civ. Proc. § 340(a); *Falk v. Children's Hospital Los Angeles*, 237 Cal.App.4th 1454, 1469 (2015).

26. Plaintiff seeks statutory penalties for inaccurate wage statements pursuant to Labor Code section 226 in the amount of $50 for the initial violation and $100 for each subsequent violation. (Exh. 3, Complaint – Prayer for Relief, ¶ 2(d).)

27. As noted above, from September 16, 2021 to the present, CareFusion issued at least 18,065 wage statements to 735 putative class members. (Forrester Decl., ¶ 5.) Therefore, based on Plaintiff's allegations, the amount in controversy for wage statement penalties is **$1,769,750** (735 wage statements x $50 = $36,750; 17,730 wage statements x $100 = $1,733,000 [$36,750 + $1,733,000 = $1,769,750]).

### 3. Waiting Time Penalties

28. California Labor Code § 203 provides that "[i]f an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate

until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

29.  A three-year statutory period applies to Plaintiff's claim for waiting time penalties. *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1398 (2010) (waiting-time penalty claims are governed by three-year statute of limitations under Cal. Code Civ. Proc. § 338(a).)

30.  Plaintiff seeks penalties for "[t]he wages of all terminated employees from the California Labor Sub-Class as a penalty…in accordance with Cal. Lab. Code § 203." (Exh. 3, Complaint – Prayer for Relief, ¶ 2(e).)

31.  As noted above, from October 2, 2020 to the present, at least 182 individuals who were employed as non-exempt employees in California separated from their employment with CareFusion. These employees earned an average hourly rate of $26.98. (Forrester Decl., ¶ 6.) Therefore, based on Plaintiff's allegations, the amount in controversy for waiting time penalties is **$1,178,486.40** ($26.98 x 8 hours x 30 days x 182 putative class members = $1,178,486.40).

### 4. Meal and Rest Period Premium Pay

32.  Under California's Unfair Competition Law ("UCL"), Plaintiff seeks restitution in the form of one additional hour of premium pay for each workday in which Defendant failed to provide a timely, duty-free meal period. (Complaint, Prayer for Relief, ¶ 2(c).) Similarly, under the UCL, on behalf of himself and the putative class, Plaintiff seeks restitution in the form of one additional hour of premium pay for each workday in which Defendant failed to provide a timely, lawful rest break. (Id.)

33.  The statute of limitations for a claim under the UCL is four years. Cal. Bus. & Prof. Code § 17208. Under the UCL, an individual may recover unlawfully withheld wages as a form of restitution. *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 173 (2000). A plaintiff may seek to recover meal or rest period premium pay as a form of restitution under the UCL, under the theory that premium

pay constitutes wages. See *Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp. 2d 891, 896-97 (C.D. Cal. 2005).

34. During the class period, from October 2, 2020 to the present, CareFusion has employed, in the aggregate, at least 864 current and former non-exempt employees in California, who worked approximately 33,703 pay periods and had an average hourly rate of approximately $29.44. (Forrester Decl., ¶ 4.) During this period, non-exempt employees were issued wage statements on a bi-weekly basis. (*Id.*)

35. CareFusion may employ reasonable assumptions based on the Complaint to determine the amount in controversy. It is alleged that Defendants "systematically failed to provide legally complaint meal and rest periods…" (Exh. 3, Complaint ¶ 16.) The Complaint further specifies that Plaintiff was required to work while clocked out for "off-duty" meal breaks. (*Id.* at ¶ 22.) It is further alleged that "[T]here were many days where PLAINTIFF did not received even a partial lunch." (*Id.* at ¶ 22.) Plaintiff alleges that he and the putative class members were subjected to meal breaks of less than 30 minutes, late meal breaks, no first meal breaks at all at times, no second meal breaks at all at times, interrupted meal breaks, and that that they were required to remain on-duty or on-call during their meal breaks at times. (*Id.* at ¶ 23.) Plaintiff similarly alleges that he and the putative class members were denied rest breaks and/or required to remain on-duty or on-call during rest breaks. (*Id.* at ¶ 24.) Based on these allegations of "systematic[]" meal and rest period violations, CareFusion utilized an extremely conservative estimate of a 1% violation rate for meal periods and a 1% violation rate for rest periods. For meal periods, this results in an amount in controversy for meal period premium pay of $85,727,490.05 (864 employees x 33,703 bi-weekly pay periods x 10 potential first meal periods during the pay period x 0.01 violation rate x $29.44 average hourly wage). For rest periods, this results in an amount in controversy for rest period premium pay of $85,727,490.05 (864 employees x 33,703 bi-weekly pay periods x 10 potential first rest periods during the pay period x

0.01 violation rate x $29.34 average hourly wage). Combined, the amount in controversy for meal and rest period premium is $**171,454,980.10**.

### 5. Attorneys' Fees

36. As shown above, with respect to claims against CareFusion, there is at least **$174,403,216.50** in controversy ($1,769,750 in wage statement penalties + $1,178,486.40 in waiting time penalties + $171,454,980.10 in meal/rest period premiums = $174,403,216.50), taking into consideration only some of the claims for which Plaintiff seeks relief.

37. Plaintiff also seeks attorney fees in connection with the above claims. (Exh. 3, Complaint – Prayer for Relief, ¶ 3(c).) In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorney fees in class action cases. *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorney fees for 25% of the total recovery in determining the amount in controversy under CAFA. *Id.* (contemplating inclusion of 25% of total recovery in attorney fees under CAFA); *Rwomwijhu v. SMX, LLC*, No. CV1608105ABPJWX, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) (including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Sanchez v. Russell Sigler, Inc.*, No. CV1501350ABPLAX, 2015 WL 12765359, at *7 (C.D. Cal. Apr. 28, 2015) (same).

38. Assuming an award of attorneys' fees in the benchmark amount of 25% of the total recovery, the amount in controversy for such fees is $**43,600,804.13** ($174,403,216.50 x 0.25).

### 6. Summary

39. Based on Plaintiff's allegations, the amount in controversy as alleged against CareFusion is at least **$218,004,020.60**. Even excluding Plaintiff's claims against BD and Plaintiff's claims for unpaid wages, unpaid overtime, failure to indemnify necessary business expenses, and attorneys' fees associated with these other

claims, the Complaint easily satisfies the $5 million threshold. Even the most conservative estimated recovery for these other claims pushes the amount in controversy further beyond the jurisdictional minimum.

### IV. **VENUE IS PROPER IN THIS COURT**

22. Under 28 U.S.C. § 1441(a), this Notice of Removal is filed in the district court of the United States in which the Action is pending. The Superior Court for the County of San Diego is within the Southern District of California. 28 U.S.C. § 84(c)(2). As such, venue is proper in this Court because it is the district and division embracing the place where the Action is pending. 28 U.S.C. § 1441(a).

23. Under 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the Declarations of Leslie Forrester and Janna Jamil, and Exhibits 1 to 4, which constitute a copy of all processes, pleadings, and orders obtained from the San Diego Superior Court's Register of Actions, as Defendants have not been served with the aforementioned items.

24. As required by 28 U.S.C. §1446(b) and Federal Rule of Civil Procedure 6(a), this Notice of Removal was filed timely as Defendants have not yet been served with Plaintiff's Complaint and, in any event, Defendants did not receive notice of the Action until October 11, 2022.

25. As required by 28 U.S.C. §1446(d), Defendants provided Notice of Removal to Plaintiffs through their attorneys of record.

26. As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of San Diego.

27. If this Court has a question regarding the propriety of this Notice of Removal, Defendants respectfully request it issue an Order to Show Cause so it may have an opportunity to provide additional briefing on the grounds for this removal.

## V. CONCLUSION

For the foregoing reasons, Defendants remove the above-entitled action to the United States District Court for the Southern District of California.

DATED: November 9, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Spencer C. Skeen
Spencer C. Skeen
Marlene M. Moffitt
Janna I. Jamil
Attorneys for Defendants CAREFUSION RESOURCES, LLC and BECTON DICKINSON AND COMPANY