```
Spencer C. Skeen, CA Bar No. 182216
spencer.skeen@ogletree.com
Marlene M. Moffitt, CA Bar No. 223658
marlene.moffitt@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA  92122
Telephone:    858-652-3100
Facsimile:    858-652-3101

Attorneys for Defendants CAREFUSION
RESOURCES, LLC and BECTON DICKINSON
AND COMPANY
```

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
11/07/2022 at 01:11:00 PM
Clerk of the Superior Court
By Taylor Crandall, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| KAREEM COLES, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CAREFUSION RESOURCES, LLC, a Delaware Limited Liability Company; BECTON DICKINSON AND COMPANY, a New Jersey Corporation; and DOES 1-50, Inclusive<br><br>　　　　Defendants. | Case No. 37-2022-00037343-CU-OE-CTL<br><br>**ANSWER TO CLASS ACTION COMPLAINT**<br><br>[Assigned for all purposes to The Honorable Carolyn Caietti, Dept. C-70]<br><br>Action Filed:　　September 16, 2022<br>Trial Date:　　None Set |

Defendants CAREFUSION RESOURCES, LLC and BECTON DICKINSON AND COMPANY (together "Defendants") hereby respond to the Class Action Complaint ("Complaint") filed by Plaintiff KAREEM COLES ("Plaintiff"), an individual and on behalf of all persons similarly situated.

## GENERAL DENIAL

Pursuant to Code of Civil Procedure Section 431.30(d), Defendants deny generally each and all of the allegations in the Complaint herein, including, but not limited to, that the Plaintiff is entitled to any of the relief requested, that Defendants have engaged in any wrongful or unlawful conduct, whether alleged or otherwise, and that Defendants' conduct or omissions caused any injury or damage to the Plaintiff or any members of any class that the Plaintiff purports to represent in the manner or amount alleged, to be alleged or otherwise, or at all.

Additionally, without admitting that it carries the burden of proof as to any of the issues raised thereby, Defendants assert the following separate and independent defenses and prays for judgment as set forth below and further gives notice that it intends to rely upon such other and further defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof on Plaintiff, or admitting that Defendants have any burden of proof, Defendants assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

(Arbitration Agreements)

Plaintiff may not litigate this action in a judicial forum because Plaintiff and the persons Plaintiff seeks to represent are subject to mandatory, final, and binding arbitration agreements that do not permit them to bring claims in the Court or on a class, collective, or representative basis.

## SECOND AFFIRMATIVE DEFENSE

(Improper Venue/ Lack of Jurisdiction)

This Court lacks jurisdiction and is an improper venue to adjudicate Plaintiff's claims. The parties entered into a valid and enforceable arbitration agreement, among other reasons.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

The Complaint, and each of its causes of action, fails to state facts sufficient to constitute any cause of action against Defendants upon which relief can be granted and/or fails to state a claim.

**FOURTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

The Complaint and each and every purported cause of action alleged therein is barred in whole or part by all applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 337, 338, 339, 340, 343; California Labor Code §§ 203(b); and California Business and Professions Code § 17208.

**FIFTH AFFIRMATIVE DEFENSE**

(Res Judicata/ Collateral Estoppel)

The Complaint, and each of its causes of action, is barred by the doctrine of *res judicata* and collateral estoppel, in particular due to prior cases including without limitation *Ramirez v. CareFusion Resources LLC*, San Diego Superior Court, Case No. 37-2018-00058078-CU-OE-CTL and *Olson et al. v. Becton, Dickinson and Company*, San Diego Superior Court, Case No. 37-2019-00017985-CU-OE-CTL.

**SIXTH AFFIRMATIVE DEFENSE**

(Waiver)

The Complaint, and each of its causes of action, is barred in whole or in part because Plaintiff and/or the putative class has waived or released the right, if any, to pursue the Complaint, and each of its causes of action, by way of their own actions and course of conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

(Estoppel)

The Complaint, and each of its causes of action, is barred in whole or in part because Plaintiff and/or the putative class is estopped from pursuing the Complaint and each of its causes of action by way of their actions and course of conduct.

**EIGHTH AFFIRMATIVE DEFENSE**

(Laches)

The Complaint, and each of its causes of action, is barred in whole or in part by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

The Complaint, and each of its causes of action, is barred in whole or in part by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

(Legitimate Business Reasons)

The Complaint, and each of its causes of action, is barred in whole or in part because Defendant had an honest, good-faith belief that all decisions with respect to Plaintiff were made for legitimate, business-related reasons and were reasonably based upon the facts as Defendants understood them at the time, including but not limited to Defendants' belief that Defendants did not owe Plaintiff any additional amounts, whether by way of wages or otherwise.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Acts of Another)

The Complaint, and each of its causes of action, is barred in whole or in part because any loss, injury, damage, or detriment alleged in the Complaint resulted from the acts or omissions of Plaintiff and/or other entities and was not due to any action or omission attributable to Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

(Statutory Obligations)

The Complaint, and each of its causes of action, is barred in whole or in part because Plaintiff breached or did not satisfy his statutory obligations as provided in the California Labor Code, including but not limited to California Labor Code sections 2854, 2856-2859, 2922, and 2924.

///

///

///

### THIRTEENTH AFFIRMATIVE DEFENSE

(Reasonable Business Judgment)

Plaintiff's claims for unfair business practices are barred because Defendants at all applicable times exercised reasonable business judgment.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Due Process)

Any finding of liability under California Business and Professions Code section 17200, *et seq.*, would violate the Due Process and Equal Protection Clauses of the United States and California Constitutions because the standards of liability under California's Unfair Competition Law are unduly vague and subjective.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Lacks Standing)

The claims against Defendants fail because Plaintiff lacks standing to pursue his claims, in whole or in part, as pled in the Complaint. Among other things, Defendant Sally Beauty Holdings, Inc. did not employ Plaintiff or the employees she seeks to represent.

### SIXTEENTH AFFIRMATIVE DEFENSE

(No Employment Relationship)

The claims by Plaintiff premised on a failure to pay wages, including minimum and overtime wages, and any alleged violations thereto, are barred to the extent she seeks to recover wages for work that Defendants did not suffer or permit him to perform, or that was not performed while under the direction and control of Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(No Knowledge)

The claims by Plaintiff premised on a failure to pay wages, including minimum and overtime wages, and any alleged violations thereto, are barred to the extent he performed work without Defendants' actual or constructive knowledge.

///

///

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Meal Period Waivers)

The claims by Plaintiff premised on a failure to provide meal periods are barred to the extent Defendants implemented valid written meal period waivers.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Unintentional, Inadvertent Error)

Plaintiff's claims premised on a failure to provide accurate written wage statements are barred because Defendants did not knowingly or intentionally fail to provide accurate wage statements and any failure to provide such wage statements was inadvertent or due to clerical error.

**TWENTIETH AFFIRMATIVE DEFENSE**

(No Injury)

Plaintiff's claims are barred, in whole or in part, because he has not suffered any damage or injury by any acts, events or occurrences alleged in the Complaint, whether or not attributable to Defendants.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Accord and Satisfaction)

Plaintiff's claims are barred, in whole or in part, but the doctrine of accord and satisfaction, and payment.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Good Faith Belief)

The claims by Plaintiff are barred, in whole or in part, because Defendants' actions were based on an honest, reasonable, good faith belief in the facts known and understood at the time and were not intentional or willful, including not being willful within the meaning of the California Labor Code. Plaintiff suffered no injuries or damages and is not entitled to damages or penalties.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Inappropriate for Class Treatment)

The claims alleged by Plaintiff on behalf of himself and members of the putative class are matters in which individual questions predominate and lack commonality. And the claims alleged by

Plaintiff on behalf of himself and members of the putative class are neither common to nor typical of those, if any, of the group of employees he seeks to represent. Accordingly, the claims are not appropriate for class treatment

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

The Complaint and each of its causes of action are barred, in whole or in part, because any recovery from Defendants would result in Plaintiff's unjust enrichment.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Offset)

To the extent that Plaintiff owes money to Defendants, Defendants are entitled to offset, set off, or recoup such amounts against any damages awarded.

### RESERVATION OF RIGHTS

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be additional, and as yet unstated, affirmative defenses. Defendants reserve the right to assert additional affirmative defenses by way of future amendment.

### RELIEF REQUESTED

WHEREFORE, Defendants requests as follows:

1. That Plaintiff take nothing by the Complaint;
2. That the Court deny Plaintiff's request to proceed on a class and/or representative basis;
3. That the Complaint be dismissed in its entirety with prejudice;
4. That Defendants recover their costs of suit herein, including reasonable attorney fees; and
5. That the Court award such other and further relief as it deems appropriate.

///
///
///
///

1 | **<u>JURY DEMAND</u>**

2 | Defendants demand trial by jury on all issues, if any, triable to a jury.

4 | DATED:  November 11, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Spencer C. Skeen
Marlene M. Moffitt

Attorneys for Defendants CAREFUSION RESOURCES, LLC and BECTON DICKINSON AND COMPANY

**PROOF OF SERVICE**
*Kareem Coles v. Carefusion Resources, LLC, et al.*
San Diego Superior Case No. 37-2022-00037343-CU-OE-CTL

  I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Diego, in the office of a member of the bar of this court at whose direction the service was made. My business address is 4660 La Jolla Village Drive, Suite 900, San Diego, CA 92122.

  On November 7, 2022, I served the following document(s):

**ANSWER TO CLASS ACTION COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at 4660 La Jolla Village Drive, Suite 900, San Diego, CA 92122.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., San Diego, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

   ☐ the written confirmation of counsel in this action:

   ☐ [State Court motion, opposition or reply only] Code of Civil Procedure section 1005(b):

   ☐ [Federal Court] the written confirmation of counsel in this action and order of the court:

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached

service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Addressee(s)

ZAKAY LAW GROUP, APLC
Shani O. Zakay
Jackland K. Hom
Julieann Alvarado
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 255-9047
Facsimile: (858) 404-9203
shani@zakaylaw.com
jackland@zakaylaw.com
julieann@zakaylaw.com

JCL LAW FIRM, APC
Jean-Claude Lapuyade
Sydney Castillo-Johnson
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292
Facsimile: (619) 599-8291
jlapuyade@jcl-lawfirm.com
scastillo@jcl-lawfirm.com

*Attorneys for PLAINTIFF*

☒ (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)  I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 7, 2022, at San Diego, California.

Alicia Martinez
alicia.martinez@ogletree.com

Type or Print Name                                   Signature